CRAIN, J.
Alvin Jackson appeals a summary judgment dismissing his claims against Americana Development Company, LLC. We reverse and remand for further proceedings.
FACTS
Jackson instituted suit for declaratory and injunctive relief, as well as damages, against Americana and the city of Zachary (the City) after Americana constructed a traditional neighborhood development (TND) on property across Highway 64 from Jackson's home. Pursuant to a cooperative endeavor agreement between Americana and the City, the TND was annexed into the City, Highway 64 was widened, and a roundabout was installed in front of Jackson's home. This eliminated Jackson's access to his home from Highway 64. Jackson complains the defendants caused his property to be inaccessible by any public street and altered the natural drainage of rainwater, causing his property to become the servient estate receiving rainwater from the dominant estate and flooding when it rains.
In response to Jackson's original petition, Americana filed an exception of no cause of action, arguing it is a private entity and not liable for the City relocating Jackson's right of way or for damages caused by the improvements to Highway 64, which the City owns. The trial court sustained the exception and dismissed Jackson's claims against Americana, but afforded Jackson the opportunity to amend his petition. Jackson's amended petition added allegations that Americana and the City entered a joint venture for the roadwork, in which Americana was a willful and voluntary participant. Americana then filed another exception of no cause of action and an alternative motion for summary judgment, again arguing it is a private entity and not liable for the City's actions.
Subsequent to Americana filing its exception and motion, Jackson retained new counsel and sought leave to file a second amended petition, which Americana opposed. The request was set for contradictory *326 hearing on the same date as Americana's exception and motion for summary judgment. After Americana argued the allegations of the new petition were not new, the trial court allowed the filing pursuant to the parties' agreement that Americana's exception and motion for summary judgment would apply to the new petition without delaying the hearing. Americana then clarified it was proceeding with the motion for summary judgment rather than the exception of no cause of action.
Based on the arguments of the parties and the evidence presented, the trial court granted the motion for summary judgment, dismissed Jackson's claims against Americana, and denied the exception of no cause of action as moot.[1] Jackson now appeals.
DISCUSSION
After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show no genuine issue as to material fact and mover is entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966A(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. Pro. art. 966A(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria governing the trial court's determination of whether summary judgment is appropriate. In re Succession of Beard, 13-1717 (La. App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60.
The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue before the court on the motion for summary judgment, the mover's burden does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point to the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966D(1). Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050.
A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Hines v. Garrett, 04-0806 (La. 6/25/04), 876 So.2d 764, 765 (per curiam ); Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Hines, 876 So.2d at 765 ; Smith, 639 So.2d at 751. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case.
*327 Bryant v. Premium Food Concepts, Inc., 16-0770 (La. App. 1 Cir. 4/26/17), 220 So.3d 79, 82, writ denied , 17-0873 (La. 9/29/17), 227 So.3d 288.
On appeal, Jackson argues that although the trial court allowed Americana's motion for summary judgment to apply to its newly-filed second amended petition, the trial court failed to consider the allegations of that petition, and instead considered only the allegations of the original and first amended petitions that were not reasserted in the second amended petition. Louisiana courts have long acknowledged the wording used in an amended petition may have the effect of superseding and replacing the allegations in an original petition. State by and through Caldwell v. Teva Pharmaceuticals Industries, Ltd., 17-0448 (La. App. 1 Cir. 2/8/18), 242 So.3d 597, 604. Here, the second amended petition states it "amends the original petition as previously amended and supplemented so that it now reads as follows." Amended petitions containing similar language have been held to supersede prior petitions, abandoning claims not reasserted therein. See Bologna Bros. v. Stephens, 23 So.2d 645, 646-47 (La. App. 2 Cir. 1945). However, language adopting and incorporating prior petitions has been interpreted as a preservation of prior claims. See State by and through Caldwell, 242 So.3d at 605. Jackson's second amended petition contains no such incorporating language. Americana correctly points out the second amended petition's inclusion of the conclusory statement that Jackson is entitled to injunctive relief enjoining the defendants from further interfering with his First Amendment right to free speech, a claim asserted in the prior petitions.[2] On appeal, Jackson clarifies his second amended petition did not reassert the constitutional claim, and he considered it dismissed. Consequently, the question presented is whether Americana established its entitlement to summary judgment dismissing the specific claims of the second amended petition.
Jackson's second amended petition alleged Jackson was in peaceful possession of his property from 2004 until "the defendants" disturbed his possession by their actions, including blocking access to Jackson's property via Highway 64, which may result in his property being landlocked, and changing the natural servitude of drainage. Jackson farther alleged the City arbitrarily and capriciously issued permits allowing the disturbance of his use of the property, effectively allowing "Americana to take certain property rights .... without expropriation proceedings," which he averred also constituted a disturbance of his possession. Jackson contended:
Defendants' disturbances have interfered with the plaintiff's possession of The Property; interfered with plaintiff's access to and from The Property; made it impassable when it rains; and other damages as of yet undetermined for which they are entitled to be compensated in a reasonable sum.
...
Plaintiff is seeking a declaratory judgment which finds plaintiff is entitled to possession of The Property; that this is an illegal TND; that the plan includes spot zoning; that it effectively rezones plaintiff's property into becoming part of *328 the TND without his wanting to do so; that defendants' actions interfered with plaintiff's access to and from The Property; that defendants' actions made access to The Property impassable when it rains; and other damages as of yet undetermined [i]ncluding attorney's fees for which they are entitled to be compensated in a reasonable sum.
Americana's exception and motion were directed at Jackson's 1) First Amendment claims, 2) claims under Louisiana Civil Code article 655 regarding the natural servitude of drainage, 3) negligence claims, and 4) claims under Louisiana Revised Statute 9:2800 regarding the liability of public bodies. Americana's memorandum in support of its exception and motion for summary judgment argued Jackson's amended petition should be dismissed for the same reason the trial court dismissed the original petition, i.e., Americana is a private entity not subject to First Amendment claims and because Americana is not responsible for actions of the City or damages arising from Highway 64, which the City owns. Americana contended Jackson's claim that it is a quasi-governmental entity that performed a public function by funding and constructing public roads and roundabouts is proven false by its summary judgment evidence; namely, the cooperative endeavor agreement between the City and Americana, an agreement between the City and East Baton Rouge Parish for reimbursement of costs of certain roadwork, and an agreement by which the state transferred ownership of the relevant portion of Highway 64 to the City.[3] Consequently, Americana argued the trial court's prior findings and holding should apply with equal force. Americana then addressed the First Amendment claims, arguing Jackson could not show it is a state actor.
Americana further asserted Jackson's allegations failed to state a claim against it under any law. Americana argued Jackson purported to bring claims based on interference with the natural servitude of drainage, but failed to allege the natural flow of water before the roadwork, and therefore is not legally entitled to the relief he seeks. It further set forth that the basis of Jackson's negligence claims was the City's filling of his ditches, and that Jackson had not alleged Americana caused the damages. With respect to claims related to removing Jackson's access to Highway 64, Americana argued Jackson had not alleged and could not establish any facts to support his claim Americana was responsible for the City's actions, noting Jackson alleged the relocation was "unilaterally" performed by the City. Finally, Americana contended it is a private entity and could not be held liable under Louisiana Revised Statute 9:2800, which Jackson cited in his original and amended petition, as that statute applies to public entities.
Louisiana Code of Civil Procedure article 966F provides, "A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." Therefore, although the trial court allowed Americana's motion to apply to the second amended petition pursuant to the agreement of the parties, summary judgment was limited to the issues raised in the motion itself. Americana's motion for summary judgment does not specifically *329 address the possessory action asserted in the second amended petition based on a disturbance of peaceful possession by the combined efforts of Americana and the City that removed Jackson's access to Highway 64 and caused his property to flood. A possessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted. La. Code Civ. Pro. art. 3655. To maintain the possessory action, the plaintiff must allege and prove: 1) he had possession of the immovable property at the time of the disturbance; 2) he and his ancestors in title had possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud; 3) the disturbance was one in fact or in law, as defined in Louisiana Code of Civil Procedure article 3659 ; and 4) the possessory action was instituted within a year of the disturbance. La. Code Civ. Pro. art. 3658 ; Horrell v. Barrios, 16-1547, p. 14 (La. App. 1 Cir. 3/15/18), 2018 WL 1373653 ; Lambert Gravel Company, Inc. v. Parish of West Feliciana, 15-1225 (La. App. 1 Cir. 9/20/16), 234 So.3d 889, 906. Since the motion for summary judgment did not address the possessory action, summary judgment dismissing that claim was precluded. See La. Code Civ. Pro. art. 966F.
We note Americana argued Jackson failed to allege facts to show Americana, as opposed to the City, altered Jackson's access to Highway 64 or is responsible for changes to his property's drainage, which the second amended petition asserts constitute a disturbance of his possession. Even if this argument could be construed as an attempt to point out an essential element of Jackson's possessory action, thereby placing the possessory action at issue, we find Americana failed in its burden of proof. The second amended petition includes allegations aimed at the conduct of both Americana and the City in developing the TND and the related road construction, which he claims have caused his property to flood and denied his right of passage. Americana's summary judgment evidence establishes ownership of Highway 64 was transferred to the City, the City was responsible for the roadwork, and the City installed the roundabout. Americana's summary judgment evidence further establishes the defendants entered into a cooperative endeavor agreement for the development of the TND. However, Americana did not point out an absence of factual support for Jackson's claims that Americana's actions, together with those of the City, caused a disturbance of Jackson's possession of his property.
Nor do we find Americana's argument that it cannot be held liable under any legal theory sufficient to carry its burden on the motion. Americana's motion for summary judgment was filed as an alternative to its exception of no cause of action, which tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged. See Carr v. Sanderson Farms, Inc. , 16-1064 (La. App. 1 Cir. 2/17/17), 215 So.3d 437, 440. However, the trial court denied the exception as moot upon granting the summary judgment. While an appellate court may raise the peremptory exception of no cause of action sua sponte, we decline to do so here, finding it more appropriate to remand this matter for further proceedings and allow the trial court to consider Americana's arguments should they be reasserted.
CONCLUSION
The judgment of the trial court granting summary judgment and dismissing Jackson's *330 claims against Americana is reversed, and this matter is remanded for further proceedings. Costs of this appeal are assessed to Americana Development Company, LLC.
REVERSED AND REMANDED.

The trial court also granted the City's exception of no cause of action and dismissed the First Amendment claims Jackson asserted against it; however, Jackson's other claims against the City remain outstanding. Jackson's claims against the City are not at issue in this appeal.

Jackson's original and first amended petitions included allegations that during the roadwork, he exercised his First Amendment rights by placing a large sign on his property reading, "I AM BEING DENIED THE AMERICAN DREAM, THE ENJOYMENT OF MY HOME! YOU COULD BE NEXT." He claimed his constitutional rights were violated by the placement of construction equipment in a manner blocking the sign. Jackson asked for injunctive relief enjoining the defendants from further interfering with his First Amendment right to free speech and peaceful protest without ensuing threats.

Jackson did not object to consideration of these documents for purposes of the motion for summary judgment; therefore, the exhibits must be considered by this court in conducting de novo review. See La. Code Civ. Pro. art. 966D(2); Thompson v. Center for Pediatric and Adolescent Medicine, L.L.C., 17-1088 (La. App. 1 Cir. 3/15/18), 244 So.3d 441, 448, writ denied, 18-0583 (La. 6/1/18), 243 So.3d 1062.