STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0148

ALVIN JACKSON

VERSUS

THE CITY OF ZACHARY, LOUISIANA AND AMERICANA
DEVELOPMENT COMPANY, LLC

Judgment Rendered: _NOV. 0 1 2022_

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 649447

Honorable Timothy E. Kelley, Judge Presiding

* * * * *

| | |
|---|---|
| Niles B. Haymer<br>Baton Rouge, LA | Attorney for Plaintiff-Appellant,<br>Alvin Jackson |
| Shelton D. Blunt<br>Monica M. Vela-Vick<br>Marissa A. Batiste<br>Baton Rouge, LA | Attorneys for Defendant-Appellee,<br>The City of Zachary |
| Loretta G. Mince<br>Shronda Williams<br>Jeanette A. Donnelly<br>New Orleans, LA | Attorneys for Defendant-Appellee,<br>Americana Development Company,<br>LLC |

* * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**HESTER, J.**

Plaintiff, Mr. Alvin Jackson, appeals the trial court's grant of summary judgment in favor of defendant, Americana Development Company, LLC. For the following reasons, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

In 2016, Jackson filed a Petition for Injunctive Relief and Damages against the City of Zachary (the City) and Americana, after Americana constructed a traditional neighborhood on the property across Highway 64/Mount Pleasant Road (Mount Pleasant Road) from Jackson's home. Jackson asserted that the roundabout constructed directly in front of his home blocked his access to Mount Pleasant Road and that the defendants' action in raising the elevation of the roadway above his foundation as well as pulling up his driveway, digging up the existing culverts, and filling in the existing ditches resulted in the destruction of his drainage, causing his home to flood when it rains. Americana responded to the petition filing an exception of no cause of action arguing that the City relocated Jackson's driveway and provided the improvements to Mount Pleasant Road and therefore, Americana, as a private entity, was not liable for Jackson's damages. The trial court sustained Americana's exception and dismissed Jackson's claims against Americana but gave Jackson the opportunity to amend his petition to state a cause of action against Americana. Jackson amended his petition to allege that Americana and the City were "joint venture partners" in the road project and Americana was performing a public function exclusively reserved to the state, namely "the funding and construction of public roads and/or roundabouts."

Americana then filed a second exception of no cause of action and a motion for summary judgment. After Americana filed its exception and motion, Jackson obtained new counsel and sought leave to file a Second Supplemental and Amending Petition for a Declaratory Judgment, with Injunctive Relief and Damages. In the

2

second amended petition, Jackson contended that the actions by the defendants, including blocking access to Jackson's property via Mount Pleasant Road, which may result in his property being landlocked, and changing the natural servitude of drainage were a disturbance of the peaceful possession of his property. Jackson sought a declaratory judgment as well as injunctive relief maintaining him in possession of the property. Americana opposed the second amended petition. Americana's motion for summary judgment, exception of no cause of action, and opposition to the filling of the second amended petition came before the trial court for a hearing. The trial court allowed the filing of the second amended petition pursuant to the parties' agreement that Americana's motion for summary judgment and exception of no cause of action would apply to the second amended petition without delaying the hearing. After argument of the parties, the trial court granted Americana's motion for summary judgment, denied Americana's exception of no cause of action as moot, and dismissed Jackson's claims against Americana. Jackson appealed, and this court reversed the trial court holding that Americana's motion for summary judgment did not specifically address the possessory action raised in Jackson's second amended petition, and "Americana did not point out an absence of factual support for Jackson's claims that Americana's actions, together with those of the City caused a disturbance of Jackson's possession of his property." **Jackson v. City of Zachary**, 2017-1583 (La. App. 1st Cir. 8/6/18), 256 So.3d 323, 328-30.[1]

Thereafter, Americana filed a second motion for summary judgment contending that Jackson's claims against Americana, as set forth in Jackson's second amended petition, fail as a matter of law and should be dismissed with prejudice. In

---

[1] As noted in this court's prior opinion addressing Americana's first motion for summary judgment, Jackson's second amended petition states "[Jackson]...amends the original petition as previously amended and supplemented so that it now reads as follows" and contains no language adopting or incorporating prior petitions. Thus, the question before this court is whether Americana established its entitlement to summary judgment dismissing the specific claims of the second amended petition. See **Jackson**, 256 So.3d at 327.

3

the memorandum in support of its motion, Americana addressed Jackson's possessory action and contended that the City was responsible for the design and construction of the improvements Jackson contends disturbed the possession of his property, and Americana was not involved. Jackson opposed the motion contending that genuine issues of material fact remain because the actions that caused damage to him, particularly interfering with his access to the property and causing the property to flood, were the combined actions of the City and Americana undertaken as part of a cooperative endeavor agreement entered into by the City and Americana to facilitate the development of the Americana neighborhood.[2] After a hearing, the trial court signed a judgment on September 29, 2021, granting Americana's motion for summary judgment and dismissing Jackson's claims against Americana.

## LAW AND ANALYSIS

The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2). A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). The burden of proof is on the mover. La. Code Civ. P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Rather, the mover must point out to the court that there is an absence of factual

---

[2] Although Jackson's claims and causes of action have evolved over time, his single genuine issue of material fact as well as his briefing in opposition to the motion for summary judgment confirms that he is relying on his possessory action to contend that there are genuine issues of material fact remaining. In his brief, Jackson argues that his petition states a cause of action for a possessory action based on the disturbance of his peaceful possession by the combined actions of Americana and the City that interfered with his access to his property and caused his property to flood. Jackson listed as the only issue of material fact "[w]hether Americana disturbed Alvin Jackson's peaceful possession by interfering with his access to his property and causing flooding to his property."

4

support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1).

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **Aucoin v. Larpenter,** 2021-0064 (La. App. 1st Cir. 9/20/21), 329 So.3d 363, 368, writ denied, 2021-01505 (La. 12/7/21), 328 So. 3d 420. Thus, appellate courts ask the same questions: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. **Id**. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Durand v. Graham,** 2019-1312 (La. App. 1st Cir. 6/12/20), 306 So.3d 437, 440.

The possessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted. La Code Civ. P. art. 3655.

The elements of proof in a possessory action are set forth in La. Code Civ. P. art. 3658 as follows: 1) He had possession of the immovable property or real right therein at the time the disturbance occurred; 2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud; 3) The disturbance was one in fact or law, as defined in Article 3659; and 4) The possessory action was instituted within a year of the disturbance.

Louisiana Code of Civil Procedure art. 3659 provides that a disturbance in fact is an eviction, or any other physical act which prevents the possessor of

immovable property or of a real right therein from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment. Article 3659 provides that a disturbance in law is the execution, recordation, registry or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right therein, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right. In a possessory action, the burden of proof is upon the plaintiff to establish the essential elements thereof. La. Code Civ. P. art. 3658; **Poirrier v. Dale's Dozer Service, Inc.,** 99-2593 La. App. 1st Cir. 11/3/00), 770 So.2d 531, 536.

In its motion for summary judgment, Americana contends that Jackson cannot meet his burden of proving that Americana disturbed his possession, an element essential to Jackson's possessory action. Americana points out that it was not involved in the planning or construction of the roundabout or the drainage; that Jackson's property was across the road from Americana's development activities; and that the construction of the Americana neighborhood did not adversely affect the drainage on Jackson's property. Americana attached the following to its motion for summary judgment: the affidavit of John Engquist[3] along with the Cooperative Endeavor and Annexation Agreement (CEA) between the City, Old Towne Development Group, LLC, and Daigle Americana Development, LLC (now Americana), and the Intergovernmental Cooperative Endeavor Agreement between the City and the City of Baton Rouge attached; an excerpt from the deposition of Alvin Jackson; the affidavit of Loretta G. Mince, attaching a stipulation of the parties stipulating that their expert reports shall be received into evidence as competent summary judgment evidence; the expert report of Jackson's expert, Audry J.

---

[3] Engquist is the sole member of Engquist Management, LLC, which in turn is the sole manager of Old Towne Development Group, LLC.

Ferguson, Jr.; the expert report of Americana's expert, Michael Thomassie; the Civil Engineering Expert Report of the City's expert, G. Wayne Sledge; the joint pretrial order; Alvin Jackson's affidavit of irreparable harm; and an additional affidavit of Alvin Jackson.

In his affidavit, John Engquist attested that pursuant to the CEA, Americana agreed to use its best efforts to develop the Americana property and the City agreed to design and construct, at the City's sole expense, certain infrastructure and to make certain improvements to Mount Pleasant Road. He noted that the improvements included: widening Mount Pleasant Road, including the installation of drainage improvements and sidewalks; construction of a roundabout to connect to Americana Boulevard; and realigning Barskett Road, including the installation of drainage improvements. Mr. Engquist attested that the City improvements were designed by Professional Engineering Consultants Corporation pursuant to a contract with the City; the City improvements were constructed as part of a Public Works Act project; R.J. Daigle & Sons Contractors, Inc. performed the City's improvements pursuant to a contract with the City; and Americana was not a party to City's contracts with Professional Engineering Consultations Corporation or R.J. Daigle & Sons Contractors, and had no involvement in the design or construction of the City improvements, all of which were under the sole control and direction of the City. Finally. Mr. Engquist pointed out that the Americana neighborhood is located across Mount Pleasant Road from Jackson's property and the two tracts of land do not share any boundaries.

The CEA attached to Mr. Engquist's affidavit set forth the obligations of the City as well as Americana. In the CEA, the City agreed to be responsible for the cost of design, permitting, and construction of the Phase 1 City Public Projects, which included the Mount Pleasant Road roundabout. In addition to the CEA, the Intergovernmental Cooperative Agreement between the City of Baton Rouge and

the City was attached, under which the City, "at Zachary's expense," obligated itself to perform certain roadwork, including the widening of Mount Pleasant Road and the construction of the roundabout.

In Jackson's deposition he acknowledged that he has access to his property from Barskett Road and that he did not have any facts to suggest that Americana was involved in the actual design of Barskett Road.

Jackson's expert, Mr. Ferguson, was asked to investigate the roadway project's impact on the existing drainage of property owned by Jackson. In his report, Mr. Ferguson pointed out where the current layout of the drainage, including the slope of the ditch, was contrary to the construction plans. He said in his opinion, a drainage ditch in front of Jackson's home was filled in during the roadwork, which created a condition that hindered the ability of a large portion of Jackson's property to drain effectively and efficiently. Finally, he concluded that the best management practices for maintenance of the drainage features do not appear to be followed regularly, and the improperly functioning drainage system is a result of poor maintenance.

Americana's expert, Mr. Thomassie, was asked to consider whether the development activities undertaken by Americana negatively impacted drainage onto the property owned by Jackson. Mr. Thomassie concluded, "it is my opinion that the development activities of Americana Development, LLC and its affiliates did not negatively impacted [sic] drainage on the property owned by Alvin Jackson." In so concluding, he pointed out that the vast majority of the Americana property drains away from Mount Pleasant Road, and the area that drains toward Mount Pleasant Road was reduced significantly with the development of the Americana neighborhood, and a detention area was constructed as part of the Americana neighborhood to reduce the stormwater discharge even further.

8

The evidence presented by Americana established that under the CEA, Americana was to use all reasonable efforts to develop the Americana property across Mount Pleasant Road from Jackson's home and the City agreed to construct the necessary infrastructure, and to make improvements to Mount Pleasant Road, including adding the roundabout at the entrance of the Americana neighborhood and installing additional drainage infrastructure. Americana was not involved in the design or construction of the drainage or the roundabout. Further, the evidence established that the Americana neighborhood did not cause Jackson's property to flood and in fact improved drainage through a detention area. The evidence attached to Americana's motion for summary judgment revealed an absence of factual support to prove Americana disturbed Jackson's possession of his property; therefore, the burden shifted to Jackson to produce factual support sufficient to establish the existence of a genuine issue of material fact or that Americana is not entitled to judgment as a matter of law.

Jackson offered no evidence in opposition to Americana's motion for summary judgment, and did not contradict Americana's evidence that the City, rather than Americana, altered his access to Mount Pleasant Road and is responsible for the changes to the drainage of Jackson's property. However, Jackson argued that Americana is liable because the improvements done by the City, including and especially the Mount Pleasant Road roundabout, "were an essential incentive to convince Americana to annex and develop its property in accordance with the terms of the Cooperative Endeavor Agreement" and the roundabout was built only as a feature of the Americana neighborhood and not for any other city purpose. Jackson contended that the City and Americana worked together to take certain actions, which ultimately disturbed Jackson's peaceable possession of the property.[4] Jackson

---

[4] In his brief to this court, Jackson also contended that Americana and the City effectively rezoned his property to be part of the Americana subdivision without his consent. He put forth no evidence to support this contention.

9

listed one genuine issue of material fact, namely, "Whether Americana disturbed Alvin Jackson's peaceful possession by interfering with his access to his property and causing flooding to his property? (See Cooperative Endeavor Agreement, Sections 3.1, 3.2, and 4.1[5])." Jackson set forth no authority for his argument that the CEA between Americana and the City to separately take on certain tasks makes Americana liable for the actions taken by the City pursuant to the CEA.[6] Summary judgment cannot be defeated by mere argument. Argument of counsel and briefs, no matter how artful, are not sufficient to raise an issue of material fact. **Wilson v. Davis**, 2007-1929 (La. App. 1st Cir. 5/28/08), 991 So.2d 1052, 1063, writs denied, 2008-2011, 2008-2020 (La. 11/10/08), 996 So.2d 1070, 1071.

Furthermore, Americana's expert, Mr. Thomassie, stated that Americana's construction of the traditional neighborhood across the street from Jackson's home did not contribute to his property flooding, and Jackson's expert, Mr. Ferguson, concluded that the flooding was because the drainage built was contrary to the construction plans and best practices for maintenance were not regularly followed.

---

[5] In Section 3.1, the parties agreed to satisfy the obligations identified in Article 3, which details the obligations of Americana and the City. Section 3.2 sets forth the "City Undertakings" specifically stating "To have induced Old Towne to proceed with the Annexation and Daigle Americana to undertake the development of Americana Phase 1, the City hereby covenants and agrees to use its best efforts to budget annually amounts necessary to do (at the City's sole expense unless otherwise stated herein), the following City Undertakings... ." This list included construction of Phase 1 City Public Projects. Section 4.1 involved the zoning of Americana as a traditional neighborhood development.

[6] As authorized by Article VII, Section 14(C) of the Louisiana Constitution, political subdivisions and political corporations may enter into a cooperative endeavor agreement with any public or private association, corporation, or individual to achieve a public purpose. A cooperative endeavor agreement is different from a joint venture where the essential elements are generally the same as those of partnership, i.e., two or more parties combining their property, labor, skill, etc., in the conduct of the venture for joint profit or benefit, with each having some right of control, and thus, joint ventures are generally governed by the law of partnership. **Cajun Elec. Power Co-op., Inc. v. McNamara**, 452 So.2d 212, 215 (La. App. 1st Cir.), writ denied, 458 So.2d 123 (La. 1984). In the CEA signed in this matter, the City agreed to take on certain responsibilities at its sole expense, and there was no sharing of profits and losses. The CEA did not create a joint venture partnership between American and the City as alleged by Jackson in his first amended petition. See **Palmer v. Vermillion Home Bldrs. LLC**, 48,838 (La. App. 2d Cir. 2/26/14), 134 So.3d 1248, 1254, writ denied, 2014-0946 (La. 8/25/14), 147 So.3d 1119 (For a business arrangement to be considered a joint venture, the parties to the venture must share in profits and losses.)

Mr. Ferguson did not set forth any activities of Americana that contributed to the property flooding. Jackson did not provide any evidence to dispute Americana's expert or prove that the actions of Americana in constructing the Americana neighborhood caused Jackson's access to be interfered with or caused his property to flood. Therefore, we find Americana met its burden of proving that no genuine issue of material fact remains as to Jackson's possessory action. Given this showing, the burden then shifted to Jackson to establish that a genuine issue of material fact remained. On the record before us, he has failed to do so.

## CONCLUSION

For the foregoing reasons, the September 29, 2021 judgment of the trial court is affirmed. All costs of the appeal are assessed to plaintiff-appellant, Mr. Alvin Jackson.

**AFFIRMED.**

ALVIN JACKSON

VERSUS

THE CITY OF ZACHARY,
LOUISIANA AND AMERICANA
DEVELOPMENT CO., LLC

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2022 CA 0148

**CHUTZ, J.**, dissenting.

I disagree with the majority's affirmance of the trial court's summary judgment dismissal of the claims of plaintiff-appellant, Alvin Jackson, against defendant-appellee, Americana Development Co., LLC (Americana). I believe outstanding issues of material fact preclude the granting of summary judgment on the showing made.

Jackson asserted that Americana's actions in conjunction with the City of Zachary (the City) as evidenced by the Cooperative Endeavor Agreement (CEA) constituted a joint venture and that working collectively their combined actions disturbed the peaceful possession of his property. The existence or nonexistence of a joint venture is a question of fact, although what constitutes a joint venture is a question of law. There are no hard and fast legal rules fixing the requisites for a joint venture; each case must be considered sui generis and care must be exercised that consideration is given to the usages and practices characteristic of the particular commercial undertaking sought to be labeled a "joint venture." Courts look to the totality of evidence, not just the written agreement between the parties to determine whether a joint venture was entered into. *Cajun Elec. Power Co-op., Inc. v. McNamara*, 452 So.2d 212, 216 (La. App. 1st Cir.), writ denied, 458 So.2d 123 (La. 1984). The requisites applicable to a joint venture, are the same as those of a

partnership: (1) a contract between two or more persons; (2) a juridical entity or person is established; (3) contribution by all parties of either efforts or resources; (4) the contribution must be in determinate proportions; (5) there must be joint effort; (6) there must be a mutual risk vis-à-vis losses; (7) there must be a sharing of profits. *Id.* The parties' intent to enter into a joint venture is a necessary element of a joint venture. See *Glass v. Berkshire Dev.*, 612 So.2d 749, 752 (La. Ct. App. 1992)

Here, Americana has not provided sufficient evidence to eliminate the factual issue of whether a joint venture between Americana and the City existed so as to shift the burden of proof to Jackson. Furthermore, intent is seldom ripe for summary judgment disposition. See *Berthelot v. Indovina*, 2021-1546 (La. App. 1st Cir. 6/3/22), 343 So.3d 209, 214-15.

Having failed to eliminate the existence of a joint venture between Americana and the City, I believe the trial court erred in dismissing all of Jackson's claims against the developer. Accordingly, I dissent.