PETTIGREW, J.
*820 In this appeal, plaintiff challenges the trial court's judgment sustaining a peremptory exception raising the objection of res judicata filed by defendants resulting in the dismissal of plaintiff's suit. For the reasons set forth below, we reverse the trial court's judgment and remand this matter for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
This matter arises out of an accident that occurred in Baton Rouge on May 14, 2015, involving vehicles driven by plaintiff, Joy Wicker, and defendant, Cathy Craddock. Over the course of this dispute, two suits have been filed - one in the Baton Rouge City Court ("City Court"), and a second in the 19th Judicial District Court ("19th JDC"). As the issue before us is whether the 19th JDC suit is barred by the doctrine of res judicata, we begin by setting forth the procedural history of the two suits below.
On March 29, 2016, State Farm Mutual Automobile Insurance Company ("State Farm") filed suit in City Court against Mrs. Craddock and her liability insurer, Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau"), alleging it was subrogated to the rights of its insured, Mrs. Wicker, for the losses it allegedly sustained as a result of the accident, including Mrs. Wicker's property damage, rental car payments, and medical payments. Farm Bureau filed an answer and reconventional demand against State Farm and Mrs. Wicker. Farm Bureau later amended its claim to assert a third-party demand against Mrs. Wicker rather than a reconventional demand, alleging it was legally and conventionally subrogated to Mrs. Craddock's rights to collect the damages she sustained in the accident.
On April 29, 2016, Mrs. Wicker filed a separate suit in the 19th JDC against Farm Bureau and Mrs. Craddock (sometimes referred to hereinafter as "defendants"), seeking damages she sustained in connection with the accident. In response, Farm Bureau and Mrs. Craddock filed an exception raising the objection of lis pendens, arguing that the 19th JDC litigation involved the same parties and arose out of the same occurrence as the City Court action. Following a hearing, the trial court denied the lis pendens exception, signing a judgment accordingly on September 30, 2016. Farm Bureau and Mrs. Craddock filed a writ application in this court, seeking supervisory review of the 19th JDC's decision denying the lis pendens exception, which this court denied. Farm Bureau and Mrs. Craddock subsequently sought a writ of review with the Louisiana Supreme Court, which was also denied. Wicker v. Louisiana Farm Bureau Casualty Insurance Company, 2016-1451 (La. App. 1 Cir. 1/23/17), 2017 WL 283462 (unpublished writ action), writ denied, 2017-0360 (La. 4/13/17), 218 So.3d 120.
The City Court action proceeded to trial on June 19, 2017, at which time the court heard the arguments of counsel and reviewed the law and evidence, including the pleadings of record and stipulations entered by the parties. The court signed a judgment on June 29, 2017, in favor of State Farm and against Farm Bureau and Mrs. Craddock in the amount of $7,374.76, plus interest and costs. Farm Bureau's original reconventional demand and supplemental reconventional demand/third party demand were dismissed with prejudice.
Thereafter, with the 19th JDC suit still pending, defendants filed an exception raising the objection of res judicata. Defendants argued that the 19th JDC suit should be dismissed as res judicata based *821 on the "written and final judgment involving all the same named parties to this action arising from a trial on the merits" in City Court and that "[a]ll causes existing at the time of the [C]ity [C]ourt judgment are extinguished." Following a hearing, the trial court granted the exception without providing reasons. Mrs. Wicker filed a motion for new trial, which was denied. This appeal by Mrs. Wicker followed, wherein she assigned error to the trial court's grant of defendants' res judicata exception.
DISCUSSION
Res judicata bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit. Avenue Plaza, L.L.C. v. Falgoust, 96-0173 (La. 7/2/96), 676 So.2d 1077, 1079 ; La. R.S. 13:4231. It promotes judicial efficiency and final resolution of disputes. Terrebonne Fuel & Lube, Inc. v. Placid Refining, Co., 95-0654, 95-0671 (La. 1/16/96), 666 So.2d 624, 631. Louisiana Revised Statutes 13:4231 provides for res judicata as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The crucial inquiry is not whether the second suit is based on the same cause of action as the first suit, but whether the second suit asserts a cause of action that arises out of the same transaction or occurrence that was the subject matter of the first suit. Leon v. Moore, 98-1792 (La. App. 1 Cir. 4/1/99), 731 So.2d 502, 504, writ denied, 99-1294 (La. 7/2/99), 747 So.2d 20. However, the Louisiana Supreme Court has also emphasized that all of the following elements must be satisfied in order for res judicata to preclude a second action: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Burguieres v. Pollingue, 2002-1385 (La. 2/25/03), 843 So.2d 1049, 1053.
The doctrine of res judicata is not discretionary and mandates the effect to be given final judgments. Diamond B Const. Co., Inc. v. Department of Transp. and Dev., 2002-0573 (La. App. 1 Cir. 2/14/03), 845 So.2d 429, 435. The burden of proving the facts essential to sustaining the objection is on the party pleading the objection. Union Planters Bank v. Commercial Capital Holding Corp., 2004-0871 (La. App. 1 Cir. 3/24/05), 907 So.2d 129, 130. If any doubt exists as to its application, the exception raising the objection of res judicata must be overruled and the second lawsuit maintained.
*822 Denkmann Associates v. IP Timberlands Operating Co., Ltd., 96-2209 (La. App. 1 Cir. 2/20/98), 710 So.2d 1091, 1096, writ denied. 98-1398 (La. 7/2/98), 724 So.2d 738. The concept should be rejected when doubt exists as to whether a plaintiff's substantive rights actually have been previously addressed and finally resolved. Patin v. Patin, 2000-0969 (La. App. 1 Cir. 6/22/01), 808 So.2d 673, 676. The res judicata effect of a prior judgment is a question of law that is reviewed de novo. Pierrotti v. Johnson, 2011-1317 (La. App. 1 Cir. 3/19/12), 91 So.3d 1056, 1063-1064.
Mrs. Wicker argues on appeal that because the trial court, this court, and the Louisiana Supreme Court all agreed that the lis pendens exception was not applicable herein, the prior rulings by this court and the Louisiana Supreme Court concerning same are law of the case. She further contends that the third requirement of res judicata, that the parties are the same, fails in this case because "State Farm's interests in the City Court action were expressly limited to the extent that they were not directly aligned with [Mrs.] Wicker's separate claim for bodily injuries." Similarly, Mrs. Wicker asserts that the causes of action brought in these two suits are different and representative of Mrs. Wicker's and State Farm's distinct interests. Finally, Mrs. Wicker maintains that even if res judicata precluded the 19th JDC suit, exceptional circumstances warrant an exception to the general rule. See La. R.S. 13:4232(A)(1). Defendants argue that pursuant to La. Code Civ. P. art. 1061(B), Mrs. Wicker was required to assert all compulsory counterclaims in the City Court action, i.e., all causes of action arising from the accident in question.[1]
As noted above, all five elements must be satisfied for res judicata to preclude a second suit. Based on our review of the record, we note that the first two elements of the res judicata statute, the existence of a valid and final judgment, are met. For purposes of res judicata, a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice has been given. A final judgment is one that disposes of the merits in whole or in part. The use of the phrase "final judgment" also means that the preclusive effect of a judgment attaches once a final judgment has been signed by the trial court and bars any action filed later unless the judgment is reversed on appeal. La. R.S. 13:4231, Comments-1990, Comment (d); see also Burguieres, 843 So.2d at 1053.
The third of these elements is that the parties in each suit must be the *823 same. More specifically, there must be an "identity of parties" before the doctrine of res judicata can be used to preclude a subsequent suit. See Burguieres, 843 So.2d at 1054. This requirement does not mean that the parties must have the same physical identity, but that the parties must appear in the same capacities in both suits. Id. An identity of parties exists whenever the same parties, their successors, or others appear, so long as they share the same quality as parties. Welch v. Crown Zellerbach Corp., 359 So.2d 154, 156 (La. 1978) ; Mandalay Oil & Gas, L.L.C. v. Energy Development Corp., 2001-0993 (La. App. 1 Cir. 8/4/04), 880 So.2d 129, 140, writ denied, 2004-2426 (La. 1/28/05), 893 So.2d 72. Thus, the jurisprudence does not require that the parties in the two lawsuits be physically identical as long as they share the same quality as parties. Jensen Const. Co. v. Department of Transp. and Development, 542 So.2d 168, 171 (La. App. 1 Cir.), writ denied, 544 So.2d 408 (La. 1989).
In the matter before this court, the requirement that there be an "identity of parties" has not been satisfied. The petition filed by State Farm in City Court names Mrs. Craddock and Farm Bureau as defendants and alleges that due to the negligence of Mrs. Craddock in the automobile accident, Mrs. Wicker's vehicle was totaled and that she suffered injuries. State Farm further asserts that it made payments to Mrs. Wicker of $4,329.08 for property damage, $383.68 for rental car payments, and $2,162.00 in medical payments in connection with the accident. State Farm further contends that Mrs. Wicker suffered a loss in the form of a $500.00 deductible and assigned to State Farm the right to recover this amount.
The petition filed by Mrs. Wicker in the 19th JDC names Mrs. Craddock, Farm Bureau, and State Farm as defendants and alleges that Mrs. Craddock was at fault in the automobile accident. Mrs. Wicker asserts that she sustained past and future mental anguish and physical suffering, past and future loss of enjoyment of life, past and future expenses for medical care, and property damage. She contends that Farm Bureau issued an insurance policy to Mrs. Craddock in which it agreed to insure and indemnify Mrs. Craddock for the type of liability asserted. Mrs. Wicker further contends that State Farm issued a UM policy to her in which it agreed to provide uninsured/underinsured motorist coverage to her, that the evidence will reflect that the primary insurance coverage by State Farm is insufficient to satisfy the amount of damages asserted in her claim, and that her UM coverage claim is proper against State Farm as a proper party defendant.
The two suits appear to involve the same parties, but not in the same capacities. The suit filed in the 19th JDC involves State Farm as a defendant, while in the City Court action, State Farm was the plaintiff. Additionally, while Mrs. Wicker was the plaintiff in the 19th JDC suit, she was made a defendant-in-reconvention in the City Court action by Farm Bureau, and later a defendant in the "First Supplemental Reconventional Demand/Third Party Demand" filed by Farm Bureau, which contended Mrs. Wicker was indebted to Farm Bureau for amounts it paid to or on behalf of Mrs. Craddock. Therefore, there is no identity of parties in the two suits.[2] We note further that there is nothing in the record to indicate that Mrs. Wicker's substantive rights with respect to the injuries she sustained in the accident were *824 addressed or resolved in the City Court action. See Patin , 808 So.2d at 676. In fact, the only mention of Mrs. Wicker in the June 29, 2017 City Court judgment is the court's dismissal, with prejudice, of Farm Bureau's original reconventional demand and supplemental reconventional demand/third party demand against her. Accordingly, the doctrine of res judicata is inapplicable in this case.
CONCLUSION
For the above and foregoing reasons, the October 10, 2017 judgment of the trial court sustaining the exception raising the objection of res judicata and dismissing Mrs. Wicker's petition, with prejudice, is reversed. This matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed to defendants, Cathy Craddock and Louisiana Farm Bureau Casualty Insurance Company.
REVERSED AND REMANDED.

Pursuant to Article 1061(B), "The defendant in the principal action ... shall assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action." The 1990. Official Revision Comments to Article 1061 state: "Judicial efficiency is served by requiring the defendant through a compulsory reconventional demand to assert all causes of action he may have against the plaintiff that arise out of the transaction or occurrence that is the basis for the plaintiff's action." Furthermore, Article 1061 comments explain that "if the defendant has a cause of action arising out of the subject matter of the plaintiff's action, then the defense of res judicata will prevent relitigation of issues common to both causes of action except as otherwise provided by law," and "[t]he requirement of a compulsory reconventional demand therefore also serves the interest of fairness by giving the defendant notice that he must assert his related cause of action." However, we note that only a named defendant in the principal demand may proceed by way of reconventional demand with the option of adding new "defendants in reconvention" under the appropriate circumstances. Baldwin v. Antin, 95-0714 (La. App. 1 Cir. 2/23/96), 673 So.2d 1049, 1051. In the instant matter, Mrs. Wicker was not a named defendant in the principal demand in City Court and, therefore, Article 1061(B) is inapplicable to the facts and circumstances before us now.

In response to Mrs. Wicker's appeal, defendants do not make any specific arguments regarding the "identity of parties" issue. Nonetheless, below and in their prior writ application to this court, defendants relied on privity of contracts as support for the argument that Mrs. Wicker is the same party as her insurer, State Farm, for purposes of res judicata. We find no merit to this argument as it is clear that State Farm and Mrs. Wicker do not share the same interests in the two suits. See Sosebee v. Steadfast Ins. Co., 701 F.3d 1012, 1026 (5th Cir. 2012) ("Insurers may be in privity with the insured when the injured party sues ... under the Louisiana Direct Action Statute, but only where the policy limits are not exceeded and the interests of the insurer and the insured are aligned.").