STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2022 CA 1000

LISA KAY KUNSTMAN PIROSKO

VERSUS

JOSEPH J. PIROSKO, III

JUDGMENT RENDERED: **FEB 2 4 2023**

* * * * * * *

Appealed from
The Twenty-First Judicial District Court
Parish of Tangipahoa • State of Louisiana
Docket Number 2004-0001017

The Honorable Jeffery T. Oglesbee, Presiding Judge

* * * * * * *

Brett K. Duncan
Hammond, Louisiana

COUNSEL FOR APPELLEE/
PLAINTIFF—Lisa Kay Kunstman
Pirosko

Glen R. Galbraith
Rebecca Gilson
Hammond, Louisiana

COUNSEL FOR APPELLANT/
DEFENDANT—Joseph J. Pirosko, III

T. Jay Seale, III
Georgia Kobos Thomas
April F. Jackson
Madisonville, Louisiana

* * * * * * *

**BEFORE: WELCH, PENZATO, AND LANIER, JJ.**

Penzato, J., concurs

**WELCH, J.**

Joseph J. Pirosko, III appeals a judgment in favor of his ex-wife, Lisa Kay Kunstman Pirosko (now "Gingles"), which sustained her peremptory exception raising the objections of *res judicata* and peremption and dismissed, with prejudice, Mr. Pirosko's motion seeking a modification of the parties' consent judgment that partitioned Mr. Pirosko's military benefits.[1] For reasons that follow, we reverse the judgment of the trial court and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

Mrs. Gingles and Mr. Pirosko were married on August 10, 1979. Mrs. Gingles filed a petition for divorce on March 26, 2004, seeking among other things a divorce from Mr. Pirosko, as well as a partition of their community property. A judgment of divorce was signed on June 14, 2004; the judgment of divorce also terminated the parties' community retroactive to the date Mrs. Gingles filed her petition for divorce. On April 25, 2005, Mrs. Gingles filed her sworn detailed descriptive list of community assets and liabilities, and included therein as an asset was Mr. Pirosko's military pension benefits with the United States Army. On October 6, 2005, the trial court signed a consent judgment that the parties had entered into with regard to the partition of Mr. Pirosko's military benefits.[2]

According to the terms of the October 6, 2005 consent judgment, it was entered into specifically to divide Mr. Pirosko's "Disposable Retired Pay" and to grant Mrs. Gingles "a [S]urvivor [B]enefit [P]lan." More specifically, the

---

[1] The original judgment appealed in this matter, which was signed on April 18, 2022, lacked appropriate decretal language. After the record was lodged with this Court and examined, on October 6, 2022, this Court issued a rule to show cause why the appeal should not be dismissed based on this deficiency in the judgment. Thereafter, this matter was remanded to the trial court for the limited purpose of requesting the trial court to sign an amended judgment correcting the deficiencies in the original judgment. See **Lisa Kay Kunstman Pirosko v. Joseph J. Pirosko, III**, 2022-1000 (La. App. 1st Cir. 12/9/22) (*unpublished action*). An amended judgment was subsequently signed by the trial court on January 4, 2023, and the appellate record supplemented with that amended judgment. Therefore, we maintain this appeal.

[2] Other than the consent judgment partitioning Mr. Pirosko's military benefits, the record does not reflect that the remainder of the parties' former community has been partitioned—by consent or otherwise.

2

judgment provided that Mrs. Gingles was to receive a specific fraction of Mr. Pirosko's total Disposable Retired Pay commencing on the date Mr. Pirosko began to receive his Disposable Retired Pay and ending (except for the Survivor Benefit Plan) on his death. (R27-29) It also provided that Mrs. Gingles "shall be covered by the Survivor Benefit Plan, [as set forth in] 10 U.S.C. §§1447, *et seq.*, and shall receive the maximum annuity allowed by law under the Survivor Benefit Plan." This consent judgment contained "Reservation of Jurisdiction" clauses, wherein the trial court reserved jurisdiction "to amend or modify the provisions of [the October 6, 2005 consent] [j]udgment," for several specific purposes, including "to terminate or suspend the payment of benefits to [Mrs. Gingles] as a result of remarriage, cohabitation, attainment of a certain age, ... or other events justifying a change in payments ...."

Importantly, under the Survivor Benefit Plan set forth in 10 U.S.C. §1447, *et seq.*, if a former spouse remarries before the age of 55, any annuity payable to that former spouse under the Survivor Benefit Plan terminates effective as of the first day of the month in which eligibility is lost; however, in such cases, the payment of the annuity may resume upon the termination of the remarriage effective as of the first day of the month in which the marriage is so terminated. See 10 U.S.C. §1450(b).

It is undisputed that Mrs. Gingles remarried in April 2010, that she remains married to date, and that at the time of her remarriage, she had not reached the age of 55. It is also undisputed that Mr. Pirosko retired in September 2017, that there is a deduction from Mr. Pirosko's monthly retirement benefit for the Survivor Benefit Plan annuity granted in favor of Mrs. Gingles under the October 5, 2005 consent judgment, and that Mrs. Gingles does not actually receive an annuity under the Survivor Benefit Plan because Mr. Pirosko is still living and she is currently

3

remarried. These undisputed facts lie at the core of the following litigation that has occurred between the parties.

On November 26, 2018, Mr. Pirosko filed a rule to show cause, seeking to retroactively "[a]mend/ [c]orrect and/or [v]acate" both the June 14, 2004 judgment of divorce and the October 6, 2005 consent judgment partitioning his military benefits. Mr. Pirosko claimed that the judgments were null because the trial court lacked jurisdiction and venue; he also claimed that the judgments were obtained by fraud and ill practices. With respect to the partition of Mr. Pirosko's military benefits, he claimed that Mrs. Gingles was receiving an improper fraction of his Disposable Retired Pay and that she was not eligible for the Survivor Benefit Plan because she remarried in April 2010 prior to the age of 55. Therefore, Mr. Pirosko sought to have both the June 14, 2004 judgment of divorce and the October 6, 2005 consent judgment partitioning his military benefits amended, corrected, and/or declared null.

In response to this pleading, Mrs. Gingles filed a declinatory exception raising the objections of insufficiency of service of process and insufficiency of citation, a dilatory exception raising the objection of unauthorized use of a summary proceeding, a peremptory exception raising the objections of no cause of action and *res judicata*, and a motion to strike. Pursuant to a judgment signed by the trial court on May 24, 2019, the trial court sustained all of the exceptions, granted the motion to strike, and dismissed Mr. Pirosko's claims with prejudice.[3] Mr. Pirosko filed a motion to appeal the judgment; however, the appeal was subsequently abandoned and dismissed by this Court. See **Lisa Kay Kunstman Pirosko v. Joseph J. Pirosko, III,** 2019-0912 (La. App. 1st Cir. 1/7/20) (*unpublished action*).

---

[3] The record reflects that a hearing on these exceptions was held on May 6, 2019. Mr. Pirosko did not appear for the hearing and the hearing consisted of argument only by counsel for Mrs. Gingles.

4

On May 28, 2019, just four days after the signing of the May 24, 2019 judgment, Mrs. Gingles filed a motion to amend the October 6, 2005 consent judgment partitioning Mr. Pirosko's military benefits. Therein, she sought to make two substantive changes to that judgment: one to change calculation of her share of the retirement benefit and the other to "eliminat[e] the survivor benefit contained in the original [October 6, 2005 consent] judgment" because "[Mrs.] Gingles ha[d] remarried, making her ineligible to receive that benefit." Mrs. Gingles later voluntarily dismissed her motion, without prejudice.

Thereafter, on February 28, 2020, Mr. Pirosko filed a petition to annul the May 24, 2019 judgment on exceptions, claiming that the judgment was an absolute nullity because he was not properly served with the underlying exceptions pursuant to La. R.S. 13:3204 and 13:3205 (Louisiana's long-arm statutes), and further, that the strict requirements of those statutes were not met prior to the rendition of judgment. In response to this petition to annul, Mrs. Gingles filed a peremptory exception raising the objections of no cause of action and *res judicata*. The trial court sustained both objections pursuant to a judgment signed on October 7, 2021. However, the October 7, 2021 judgment neither dismissed Mr. Pirosko's petition to annul nor did it dismiss any of Mr. Pirosko's claims therein.

On September 29, 2021, Mr. Pirosko filed a motion for modification of the October 6, 2005 consent judgment[4] and for reimbursement. Therein, Mr. Pirosko asserted that Mrs. Gingles re-married on April 17, 2010, that she was 51 years of age on that date, and that she remains re-married to this date. Mr. Pirosko claimed that under 10 U.S.C. § 1450(b), Mrs. Gingles was not entitled to the Survivor Benefit Plan, and that Mrs. Gingles had admitted same under oath during her deposition on June 9, 2020. Mr. Pirosko further claimed that, based on the October

---

[4] In Mr. Pirosko's motion for modification, he inadvertently referred to the consent judgment as the October 5, 2005 consent judgment rather than the October 6, 2005 consent judgment.

6, 2005 consent judgment, his retirement benefit has been and continues to be deducted for the annuity for the Survivor Benefit Plan. Therefore, Mr. Pirosko sought an order from the trial court recognizing that Mrs. Gingles was not entitled to the Survivor Benefit Plan retroactive to the date of her remarriage (to ensure that the deduction from his retirement benefit would cease) and that any monies that had already been deducted from his retirement be returned or paid to him.[5]

In response to this motion, Mrs. Gingles filed a peremptory exception raising the objections of no cause of action, *res judicata*, and peremption. With respect to no cause of action, Mrs. Gingles argued that the trial court lost jurisdiction to modify or amend the October 6, 2005 consent judgment once it was determined to be in compliance with federal law. Therefore, she claimed that Mr. Pirosko failed to state of a cause of action for which the law provided relief. Next, with respect to *res judicata*, Mrs. Gingles argued that the May 24, 2019 judgment and the October 7, 2021 judgment were "valid, definitive, and final," and disposed of the merits of Mr. Pirosko's rule by dismissing his actions seeking to vacate the October 6, 2005 consent judgment. She also asserted that the cause of action asserted in Mr. Pirosko's current motion to modify existed and arose out of the same transaction or occurrence as the causes of action that were the subject of the May 24, 2019 judgment and the October 7, 2021 judgment. Therefore, Mrs. Gingles contended that *res judicata* barred Mr. Pirosko's action. Lastly, with respect to peremption, Mrs. Gingles maintained that "federal peremption" barred Mr. Pirosko's action because federal law did not allow Mr. Pirosko to revoke his Survivor Benefit Plan nor did it allow him to seek reimbursement for the premiums paid. Mrs. Gingles also maintained that the relief requested by Mr. Pirosko was prohibited by "the *Barring Act*," which is set forth in 31 U.S.C. §3702(b), and that federal law

---

[5] As previously set forth, there is no dispute that Mrs. Gingles does not receive any of the funds deducted from Mr. Pirosko's retirement for the Survivor Benefit Plan.

provided Mr. Pirosko with other remedies, which he had failed to exhaust prior to seeking relief from the trial court.

After a hearing, the trial court took the matter under advisement. Thereafter, the trial court overruled Mrs. Gingles' objection of no cause of action and sustained her objections of *res judicata* and peremption. A judgment in accordance with the trial court's ruling, which also dismissed Mr. Pirosko's motion for modification was signed on January 4, 2023, and it is from this judgment that Mr. Pirosko has appealed.[6] On appeal, Mr. Pirosko contends that the trial court erred in sustaining the objections of *res judicata* and peremption.[7]

## LAW AND DISCUSSION

### Res Judicata

The peremptory exception raising the objection of *res judicata* is based on the conclusive legal presumption that there should be no re-litigation of a thing previously adjudged between the same parties. **Mitchell v. Aaron's. Inc.**, 2018-0131 (La. App. 1st Cir. 9/21/18), 257 So.3d 812, 814; see La. C.C.P. art. 927(A)(3). *Res judicata* bars re-litigation of a subject matter arising from the same transaction or occurrence of a previous suit and promotes judicial efficiency and final resolution of disputes. **Wicker v. Louisiana Farm Bureau Casualty Insurance Company**, 2018-0225 (La. App. 1st Cir. 9/21/18), 257 So.3d 817, 821.

Louisiana Revised Statute 13:4231 sets forth the general principles for *res judicata*, and it provides as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

---

[6] See footnote 1.

[7] We note that Mr. Pirosko contends that the trial court erred in allowing evidence to be submitted in support of Mrs. Gingles' objections. However, Mr. Pirosko failed to brief this assignment of error. Therefore, in accordance with Uniform Rules—Courts of Appeal, Rule 2-12.4, this assignment of error is deemed abandoned. Nevertheless, we note that the only evidence that was offered by Mrs. Gingles was the record of these proceedings.

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Under this provision, the Louisiana Supreme Court has emphasized that all of the following elements must be satisfied in order for *res judicata* to preclude a second action: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same;[8] (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. **Burguieres v. Pollingue**, 2002-1385 (La. 2/25/03), 843 So.2d 1049, 1053; see also **Wicker**, 257 So.3d at 821.

However, there are exceptions to the general rule of *res judicata*, which are set forth in La. R.S. 13: 4232 as follows:

A. A judgment does not bar another action by the plaintiff:

(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;

(2) When the judgment dismissed the first action without prejudice; or,

(3) *When the judgment reserved the right of the plaintiff to bring another action.*

B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse's education or training under Civil Code Article 121, and *in an action for partition of*

---

[8] In this case, the parties are clearly the same; therefore, this issue need not be addressed.

*community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.*
(Emphasis added).

The doctrine of *res judicata* must be strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection. **Mandalay Oil & Gas, L.L.C. v. Energy Development Corp.**, 2001-0993 (La. App. 1st Cir. 7/3/02), 867 So.2d 709, 713. The burden of proving the facts essential to support the objection of *res judicata* is on the party pleading the objection. **Cadle Co., II, Inc. v. Linder**, 2021-1361 (La. App. 1st Cir. 8/24/22), 348 So.3d 784, 788 n.3, writ denied, 2022-01437 (La. 11/22/22), 350 So.3d 501. Further, the *res judicata* effect of a prior judgment is a question of law that is reviewed *de novo*. *Id*. at 788 n.4.

Based on our *de novo* review of the record, we find that the trial court improperly sustained Mrs. Gingles' objection of *res judicata*. First and foremost, we note that all of these proceedings, as well as the judgments that have been rendered, arise from Mrs. Gingles' request, in her petition for divorce, to partition the parties' community property. Therefore, pursuant to the exception set forth in La. R.S. 13:4232(B), any judgment that has been rendered has the effect of *res judicata* only as to causes of action actually adjudicated.

Pertinent to the issue of *res judicata*, the record before us contains three judgments: the October 6, 2005 consent judgment partitioning Mr. Pirosko's military benefits; the May 24, 2019 judgment on exceptions; and the October 7, 2021 judgment on exceptions. However, all three of these judgments fail to satisfy the requirements of *res judicata* so as to bar Mr. Pirosko's motion to modify the October 6, 2005 judgment.

First, the October 7, 2021 judgment sustained Mrs. Gingles' peremptory exception raising the objections of no cause of action and *res judicata*, which were

9

filed in response to Mr. Pirosko's petition to annul the May 24, 2019 judgment. As previously noted, this judgment did not, however, dismiss Mr. Pirosko's petition to annul the May 24, 2019 judgment or any of his claims. Absent language determining or disposing of the merits of Mr. Pirosko's petition to annul the May 24, 2019 judgment, the October 7, 2021 judgment is not a final judgment. See La. C.C.P. arts. 1841 (providing that a "final judgment" is a judgment that determines the merits in whole or in part.) Since the October 7, 2021 judgment is not a final judgment, it cannot serve as a basis for the objection of *res judicata* to Mr. Pirosko's petition for modification of the October 6, 2005 consent judgment partitioning Mr. Pirosko's retirement benefits. See **Burguieres**, 843 So.2d at 1053 (providing that the judgment must be final in order for *res judicata* to preclude a second action).

Next, the October 6, 2005 consent judgment was a partial partition of community property, *i.e.*, Mr. Pirosko's military benefits. A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss." **McDaniel v. McDaniel**, 567 So.2d 748, 750 (La. App. 2nd Cir. 1990); **Boutte v. Boutte**, 2019-734 (La. App. 3rd Cir. 7/8/20), 304 So.3d 467, 472, writ denied, 2020-00985 (La. 12/8/20), 306 So.3d 426, cert. denied, 142 S.Ct. 220, 211 L.Ed.2d 96 (2021). The matters addressed in a consent judgment are generally considered to be "actually adjudicated" even though the judgment is based on the consent of the parties rather than an adjudication by the trial court. See **Boutte**, 304 So.3d at 471-472. In this case, although the judgment partitions Mr. Pirosko's military benefits (and thus, actually adjudicated that particular issue), it specifically contemplated a modification of that judgment by the parties, as it expressly provided that the trial court would retain jurisdiction "to amend or modify the provisions of [the] Judgment," for several specifically identified

10

purposes, including "to terminate or suspend the payment of benefits to [Mrs. Gingles] as a result of remarriage ...." Thus, not only is Mr. Pirosko contractually entitled, under the October 6, 2005 consent judgment, to seek a modification of that judgment based on Mrs. Gingles' remarriage, but the October 6, 2005 consent judgment also falls under the exception to *res judicata* set forth in La. R.S. 13:4232(A)(3) (when the judgment reserves the right to bring another action).

Furthermore, even if the October 6, 2005 consent judgment did not contractually entitle Mr. Pirosko to bring the instant suit for a modification based on Mrs. Gingles' remarriage or fall under any of the exception set forth in La. R.S. 13:4232(A)(3), we also find that the October 6, 2005 consent judgment fails to meet the other criteria under La. R.S. 13:4231 for *res judicata* to apply. The cause of action for modification of the October 6, 2005 consent judgment, which is based on Mrs. Gingles' remarriage in April 2010, clearly did not exist at the time the October 6, 2005 consent judgment was rendered, nor did it arise out of the same transaction or occurrence that was the subject matter of the October 6, 2005 consent judgment, which was the partial partition of community property. Therefore, for all these reasons, we find that the October 6, 2005 consent judgment cannot serve as a basis for the objection of *res judicata* to Mr. Pirosko's petition for modification of the October 6, 2005 consent judgment.

Lastly, the May 24, 2019 judgment sustained several exceptions filed by Mrs. Gingles in response to Mr. Pirosko's motion to amend, correct, vacate and/or nullify the October 6, 2005 consent judgment on the basis of lack of jurisdiction, improper venue, and fraud and ill practices. Unlike the October 7, 2021 judgment on exceptions, the May 24, 2019 judgment did dismiss Mr. Pirosko's motion to amend, correct, vacate, and/or nullify the October 6, 2005 consent judgment. Therefore, the May 29, 2019 judgment was a valid and final judgment under La. C.C.P. art. 1841 for purposes of *res judicata*. However, that judgment has *res*

*judicata* effect only as to the issues actually adjudicated therein, *i.e.*, the merits of the exceptions filed in response to Mr. Pirosko's motion to amend, correct, vacate, and/or nullify the October 6, 2005 consent judgment on the basis of lack of jurisdiction, improper venue, and fraud and ill practices. See La. R.S. 13:4231(3) and 4232(B).

We also find that the cause of action asserted in Mr. Pirosko's motion for modification of the October 6, 2005 consent judgment, *i.e.*, a request for a declaration that Mrs. Gingles was not entitled to the Survivor Benefit Plan annuity because she remarried on April 17, 2010 before she reached the age of 55, existed at the time of the May 29, 2019 judgment on exceptions was rendered. Indeed, Mr. Pirosko asserted this factual basis as one of the grounds for nullifying the October 6, 2005 consent judgment on the basis of fraud and ill practice. However, we find that the cause of action asserted by Mr. Pirosko in his motion to modify the October 6, 2005 judgment did not arise out of the same transaction or occurrence that was the subject matter of Mr. Pirosko's motion to amend, correct, vacate, and/or nullify the October 6, 2005 judgment. In the action to amend, correct, vacate, and/or nullify the October 6, 2005 judgment, the transaction or occurrence giving rise to the proceeding was the trial court's purported lack of jurisdiction and improper venue, as well as the purported fraud or ill practice by Mrs. Gingles in obtaining that judgment, whereas the transaction or occurrence that was the subject in the motion to modify the October 6, 2005 judgment was Mrs. Gingles' remarriage. Although Mr. Pirosko included allegations in his motion to amend, correct, vacate, and/or nullify that Mrs. Gingles was not eligible for the Survivor Benefit Plan because she remarried in April 2010 prior to the age of 55, this issue was never addressed because Mr. Pirosko's motion was dismissed for a host of procedural deficiencies. Thus, the issue of Mrs. Gingles' eligibility for the Survivor Benefit Plan was never actually adjudicated or litigated. Therefore, we

find the May 24, 2019 judgment cannot serve as a basis for the objection of *res judicata* as to Mr. Pirosko's motion for modification of the October 6, 2005 consent judgment.

Accordingly, we find the trial court erred in sustaining Mrs. Gingles' peremptory exception raising the objection of *res judicata*, and its judgment in this regard must be reversed.

### Peremption

Peremption is a period of time fixed by law for the existence of a right, and unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458. Thus, peremption is a period of time, fixed by law, within which a right must be exercised or be forever lost. **Borel v. Young**, 2007-0419 (La. 11/27/07), 989 So.2d 42, 48. The objection of peremption is raised by the peremptory exception. See La. C.C.P. art. 927(A)(2). Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. **Lomont v. Bennett**, 2014-2483 (La. 6/30/15), 172 So.3d 620, 627. But, if peremption is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action is not perempted. See *Id.*

At the trial court and on appeal herein, Mrs. Gingles argues that the doctrine of "federal peremption" bars Mr. Pirosko's motion to modify because federal law does not allow Mr. Pirosko to revoke his Survivor Benefit Plan, does not allow Mr. Pirosko to seek reimbursement for the premiums paid, and provides Mr. Pirosko with other remedies, which he had failed to exhaust prior to seeking relief from the trial court. Mrs. Gingles also argues that the relief requested by Mr. Pirosko is prohibited by "the *Barring Act*."

We cannot find, nor have we been directed to, any authority—statutory, jurisprudential, or otherwise—pertaining to the doctrine of "federal peremption." However, based on the substance of the arguments made by Mrs. Gingles—that

13

federal law prohibits Mr. Pirosko's request under Louisiana law to modify the consent judgment partitioning his military benefits—it appears that she is actually referring to the doctrine of "federal preemption." Federal preemption is based on the Supremacy Clause of the United States Constitution, which provides that federal law shall be the "supreme Law of the Land." U.S. Const. Art. VI, cl. 2. See **Baca v. Sabine River Authority**, 2018-1046 (La. App. 1st Cir. 12/27/18), 271 So.3d 223, 229, writ denied, 2019-0149 (La. 3/18/19), 267 So.3d 95.

Notably, federal preemption is an affirmative defense, which under La. C.C.P. arts. 1003 and 1005, should be pled in a defendant's answer. **Snearl v. Mercer**, 99-1738 (La. App. 1st Cir. 2/16/01), 780 So.2d 563, 572, writs denied, 2001-1319 and 2001-1320 (La. 6/22/01), 794 So.2d 800 and 801. An affirmative defense raises new matters that, assuming the allegations in the petition to be true, constitute a defense to the action and will have the effect of defeating plaintiff's demand on the merits. *Id.*

There is an implicit distinction between matters constituting affirmative defenses and issues that are appropriately raised through the peremptory exception (such as peremption). See La. C.C.P. arts. 927 and 1005. Thus, in reviewing the merits of Mrs. Gingles' peremptory exception raising the objection of peremption—the issue raised in the trial court and by this appeal—we decline to address any arguments made by Mrs. Gingle relating to whether federal law preempts Mr. Pirosko's request for relief. Those issues are more appropriately addressed as affirmative defenses. Therefore, we limit our discussion to the issue of peremption or whether there is any period of time fixed by law—federal or state—for the existence of Mr. Pirosko's right to seek a modification of the consent judgment partitioning his military benefits.

The specific relief requested by Mr. Pirsoko in his motion to modify was a declaration that Mrs. Gingles was not entitled to the Survivor Benefit Plan annuity

14

because she remarried before the age of 55, which declaration was based on 10 U.S.C. §1450(b). He also sought declaration that she was not entitled to that annuity retroactive to the date she remarried, such that any monies that have been deducted from his retirement be returned and/or paid back to him. The face of Mr. Pirosko's motion does not establish that his right to seek this relief has been perempted. Therefore, Mrs. Gingles had the burden of establishing that Mr. Pirosko's right to seek declaratory judgment and/or the modification of the October 6, 2006 judgment were extinguished.

In support of Mrs. Gingles' contention that Mr. Pirosko's claim is perempted, she points to provisions in the statutes governing the Survivor Benefit Plan providing that an election made for the Survivor Benefit Plan is generally irrevocable. See 10 U.S.C. §1448(a)(4)(A) and (C) and 1450(g). She also claims that the relief is prohibited by the "the *Barring Act*," which is set forth in 31 U.S.C. §3702(b).

First and foremost, we find that the *Barring Act* is not applicable to Mr. Pirosko's action. By its terms, 31 U.S.C. §3702 applies to the settlement of particular "claims of or against the United States Government." The specific subsection relied on by Mrs. Gingles—31 U.S.C. §3702(b)—provides that such claims "against the Government … must be received … within 6 years after the claim accrues," with certain exceptions provided thereinafter. Since the relief sought by Mr. Pirosko in his motion to modify the October 6, 2006 consent judgment is not against the United States Government, but rather, is against Mrs. Gingles, the *Barring Act* does not establish a peremptive period for Mr. Pirosko's claims against Mrs. Gingles.

Likewise, we also find no merit to Mrs. Gingles' assertion that 10 U.S.C. §1448 and 1450 set forth a peremptive period for Mr. Pirosko's claims against Mrs. Gingles. While these provisions contain general language setting forth a

15

general rule that the Survivor Benefit Plan election may not be revoked, those provisions are applicable to persons who are married—not former spouses. Furthermore, Mr. Pirosko does not seek to revoke the designation; rather, he seeks a declaration regarding Mrs. Gingles' eligibility for the Survivor Benefit Plan annuity under the specific rules for the payment of such annuity to a former spouse and the termination of that annuity as set forth in 10 U.S.C. §1450(b).

Therefore, the provisions relied upon by Mrs. Gingles to support her contention that Mr. Pirosko's claims are perempted are not applicable, and further, we can find no other peremptive period that is applicable to Mr. Pirosko's claim. Accordingly, the trial court erred in in sustaining the objection of peremption and its judgment in this regard must be reversed.

## CONCLUSION

For all of the above and foregoing reasons, we find that the trial court erred in sustaining Mrs. Gingles' peremptory exceptions raising the objections of *res judicata* and peremption. Therefore, the January 4, 2023 amended judgment of the trial court is sustaining the permptory exceptions raising the objections of *res judicata* and peremption and dismissing Mr. Pirosko's motion to modify the October 6, 2005 consent judgment is reversed. This matter is remanded for further proceedings. All costs of this appeal are assessed to the appellee, Lisa Kay Kunstman Pirosko (now "Gingles").

**APPEAL MAINTAINED; REVERSED AND REMANDED.**

16