**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2023 CA 0139**

**GUSTAVE J. LABARRE, JR., ET AL.**

**VERSUS**

**OCCIDENTAL CHEMICAL COMPANY, ET AL.**

WIL

**Judgment Rendered:** SEP 28 2023

**Appealed from the**
**23rd Judicial District Court**
***In and for the Parish of Assumption***
**State of Louisiana**
**Docket Number 33796**

**Honorable Jason Verdigets, Presiding**

* * * * *

Leopold Z. Sher
James M. Garner
Peter L. Hilbert, Jr.
Martha Curtis
Jeffrey D. Kessler
Amanda R. Schenck
New Orleans, LA

Travis J Turner
Gonzales, LA

Attorneys for Defendant/Third-Party Plaintiff/Appellant
Texas Brine Company, LLC

Mary S. Johnson
Ingrid K. Laurendine
Mandeville, LA

Chad J. Mollere
Nichole M. Gray
New Orleans, LA

Thomas F. A. Hetherington
Kendall J. Burr
Houston, TX

Attorneys for Third-Party Defendants/Appellees
National Union Fire Insurance Company of Pittsburgh, PA. and AIG Specialty Insurance Company

Glen E. Mercer
Kourtney Twenhafel
New Orleans, LA

John K. Daly
Denver, CO

Attorneys for Third-Party Defendants/Appellees
Zurich American Insurance Company, Steadfast Insurance Company and American Guarantee & Liability Insurance Company

**BEFORE: PENZATO, LANIER AND WOLFE, JJ.**

ahp Penzato, J., concurs in the result
EW Wolfe, J., concurs without reasons

signed by WIL

**LANIER, J.,**

Texas Brine Company, LLC challenges the trial court's judgment sustaining the exception of res judicata filed by two separate sets of its insurers: National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Specialty Insurance Company (collectively AIG); and Zurich American Insurance Company, Steadfast Insurance Company and American Guarantee & Liability Insurance Company, LLC (collectively Zurich). For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

On or about August 3, 2012, a sinkhole emerged in Assumption Parish, Louisiana, following the collapse of a salt mine cavern. Numerous lawsuits were filed thereafter against Texas Brine Company, LLC (Texas Brine), the operator and developer of the failed cavern, alleging various forms of damages.

In the present suit (the **LaBarre** litigation), the LaBarre plaintiffs are owners of property adjacent to the area of the sinkhole. They alleged causes of action for ongoing property damage, contamination, and ground subsidence exacerbated by the sinkhole. A trio of cases, which this court has referred to as the "pipeline cases," including **Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC**, 23rd Judicial District Court, docket no: 34,316 (the **Florida Gas** litigation), involved allegations of damage to oil and gas pipelines *after* the emergence of the sinkhole. An arbitration proceeding was initiated and pursued concurrently between two parties to all of these cases, namely, Texas Brine and Occidental Chemical Corporation (Oxy).

Texas Brine responded to the numerous lawsuits by filing nearly identical incidental demands against various parties in each suit. Pertinent to this appeal, Texas Brine filed amended and incidental demands against its insurers, AIG and Zurich, in the **LaBarre** litigation asserting claims of defense and indemnity in the captioned suit as well as in regard to its arbitration proceeding with Oxy. Texas

2

Brine filed the same claims against its insurers in the **Florida Gas** litigation. Likewise, many plaintiffs in the various sinkhole litigations also filed claims against Texas Brine's insurers.

AIG and Zurich filed separate motions for summary judgment in each of the pipeline cases seeking to dismiss both the pipeline plaintiffs' claims as well as Texas Brine's incidental demands of indemnity and defense against them under the "pre-2012" insurance policies.[1] In each of the pipeline cases, the trial court ruled in favor of AIG and Zurich as to the plaintiffs' claims that plaintiffs had not asserted any allegation which would trigger AIG and Zurich's pre-2012 insurance policies. However, as to Texas Brine's incidental demands, the trial court found a genuine issue of material fact as to whether the insurers owed a duty to defend. Texas Brine appealed these judgments, and AIG and Zurich answered the respective appeals in which they were involved. See **Florida Gas**, 2019 WL 168583; and **Florida Gas**, 272 So.3d 547.[2]

Turning to the **Florida Gas** appeals which form the basis for AIG and Zurich's plea of res judicata, this court affirmed the trial court's ruling, dismissing the plaintiff's causes of action against AIG and Zurich. See, **Florida Gas**, 2019 WL 168583 at *1; **Florida Gas**, 272 So.3d at 550. Next, addressing Texas Brine's incidental demands against AIG and Zurich, this court reversed the trial court's

---

[1] These particular insurance policies all expired prior to the formation of the sinkhole. See **Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC**, 2018-0062 (La. App. 1st Cir. 1/11/19), 2019 WL 168583, *1 (unpublished), writs denied, 2019-00509 (La. 9/24/19), 279 So.3d 931, and 2021-00794 (La. 6/29/21), 319 So.3d 299; and **Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC**, 2018-0218 (La. App. 1st Cir. 1/11/19), 272 So.3d 547, 548-49, writs denied, 2019-00510 (La. 9/24/19), 279 So.3d 385, and 2021-00793 (La. 6/29/21), 319 So.3d 301.

[2] Nearly identical appeals and answers were taken in the remaining pipeline cases. See **Crosstex Energy Services, LP v. Texas Brine Company, LLC**, 2017-0863 (La. App. 1st Cir. 12/21/17), 240 So.3d 1024, writ denied, 2018-0144 (La. 3/23/18), 238 So.3d 962; **Crosstex Energy Services, LP v. Texas Brine Company, LLC**, 2017-0895 (La. App. 1st Cir. 12/21/17), 240 So.3d 932, writ denied, 2018-0145 (La. 3/23/18), 238 So.3d 963; **Pontchartrain Natural Gas System v. Texas Brine Company, LLC**, 2018-0244 (La. App. 1st Cir. 10/11/18), 264 So.3d 545, writ denied, 2019-0080 (La. 3/6/19), 264 So.3d 1204; **Pontchartrain Natural Gas System v. Texas Brine Company, LLC**, 2018-0254 (La. App. 1st Cir. 12/12/19), 293 So.3d 1157, writs denied, 2020-00397 (La. 6/22/20), 297 So.3d 724, and 2020-00334 (La. 6/22/20), 297 So.3d 762.

ruling and held that because Florida Gas's uncontroverted admissions established no pre-sinkhole damage to which the pre-2012 insurers' coverage would apply, Texas Brine could not maintain third party demands of indemnity and defense against its pre-2012 insurers in the **Florida Gas** litigation. **Florida Gas**, 2019 WL 168583 at \*1; **Florida Gas**, 272 So.3d at 551. In other words, Texas Brine's relief against AIG and Zurich in the **Florida Gas** litigation was contingent upon plaintiff's causes of action and because Florida Gas had not asserted a claim or cause of action against Texas Brine that would trigger coverage under AIG or Zurich's respective pre-2012 insurance policies, Texas Brine was neither entitled to indemnity nor defense under those policies.[3]

Thereafter, a case management order was issued in **Florida Gas**, setting certain remaining claims between Texas Brine, AIG, and Zurich for a bench trial. Notably, the case management order included claims for potential arbitration defense costs owed by Zurich and AIG. (Id.) Zurich and AIG sought supervisory review by this court, which on March 6, 2019, vacated the case management order as to AIG and Zurich, noting that the insurers were no longer parties to this litigation and citing to **Florida Gas**, 2019 WL 168583, and **Florida Gas**, 272 So.3d 547, respectively. See, **Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC**, 2019-0103 (La. App. 1st Cir. 3/6/19), 2019 WL 1077858, writ denied, 2019-01333 (La. 10/21/19), 280 So.3d 1172; and **Florida Gas Transmission Co. v. Texas Brine Company, LLC**, 2019-0081 (La. App. 1st Cir. 3/6/19), 2019 WL 1084227, writ denied, 2019-01334 (La. 10/21/19), 280 So.3d 1168.

---

[3] Similar conclusions were reached in **Crosstex** and **Pontchartrain** in that because the plaintiffs had not stated a cause of action to trigger the insurers' respective pre-2012 policies, Texas Brine's incidental demands invoking any pre-2012 polices were dismissed. **Crosstex**, 240 So.3d at 1032-33; **Crosstex**, 240 So.3d at 939; **Pontchartrain**, 264 So.3d at 553-54; **Pontchartrain**, 293 So.3d at 1161.

In the interim, Texas Brine twice amended its incidental demands in the **LaBarre** proceeding. First, in a February 2019 amendment, Texas Brine re-alleged claims against AIG and Zurich for indemnity and defense costs in the arbitration proceeding attributed to the **LaBarre** litigation. Then in November 2019, Texas Brine amended its incidental demands against AIG and Zurich once again, this time asserting in regards to the arbitration, that "[t]o the extent the previous demands were not broad enough, Texas Brine seeks *all* defense fees and costs – not just those attributed to the **LaBarre** case."[4] (Emphasis in original)

Subsequent to Texas Brine's amendments, AIG and Zurich filed exceptions of res judicata regarding Texas Brine's claims of defense and indemnity in the Oxy arbitration proceeding, citing the **Florida Gas** opinions for support. Texas Brine opposed the exceptions.

Following the hearing on AIG and Zurich's exceptions of res judicata, the trial court signed a judgment on September 15, 2022, granting Zurich's exception of res judicata and dismissing Texas Brine's amended incidental demands with prejudice, and granting AIG's exception of res judicata and dismissing with prejudice Texas Brine's claims for attorney's fees and costs incurred in the arbitration proceeding with Oxy.

Texas Brine now appeals, contending that the trial court erred in granting the exceptions of res judicata, as the judgments relied upon by AIG and Zurich related to a different plaintiff's causes of action (Florida Gas), who is not a party in the **LaBarre** litigation. Texas Brine further contends that the previous restricted appeals did not address the causes of action for indemnity and defense in the

---

[4] The record on appeal indicates that on March 12, 2020, the trial court executed a judgment in the **LaBarre** proceeding, sustaining an exception of lis pendens in favor of Zurich and AIG dismissing with prejudice Texas Brine's claims for fees and costs incurred in sinkhole cases other than **LaBarre** and **Marchand**.

5

arbitration; and alternatively, that the exceptional circumstances exception to res judicata should apply because of the complex nature of these proceedings.

## DISCUSSION

**Appealability**

On March 7, 2023, this court ex proprio motu issued a rule ordering the parties to show cause why the appeal should not be dismissed since it was taken from a partial judgment lacking designation of finality, as required by La. Code Civ. P. art. 1915(B). Further, this court remanded the matter to the trial court for the limited purpose of allowing the trial court to sign a judgment with a 1915(B) designation; and/or allowing the trial court to issue a per curiam in the event it certified the judgment under art. 1915(B).

Thereafter, the appellate record was supplemented with an amended judgment signed by the trial court on March 22, 2023, certifying the September 15, 2022 judgment under La. Code of Civ. P. art. 1915(B), and the trial court included its reasons for so doing. On May 8, 2023, a different panel of this court referred the rule to show cause to the appeal panel. Because this court does not believe that this issue will be mooted by future developments in this proceeding, or that we will need to consider this particular issue again on appeal, we find no error in the trial court's designation of the September 15, 2022 judgment as being immediately appealable. See **R.J. Messinger, Inc. v. Rosenblum**, 2004-1664 (La. 3/2/05), 894 So.2d 1113, 1122. Therefore, we maintain the appeal of this judgment.

**Res Judicata**

Louisiana Revised Statutes 13:4231 embraces the broad usage of the phrase "res judicata" to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). **Henkelmann v. Whiskey Island Preserve, LLC**, 2013-0180 (La. App. 1st Cir. 5/15/14), 145 So.3d 465, 470. The statute provides:

6

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

La. R.S. 13:4231.

Thus, under La. R.S. 13:4231, all of the following elements must be satisfied in order for res judicata to preclude a second action: (1) the first judgment is valid; (2) the first judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. **Burguieres v. Pollingue**, 2002-1385 (La. 2/25/03), 843 So.2d 1049, 1053; **Matherne v. TWH Holdings, L.L.C.**, 2012-1878 (La. App. 1st Cir. 12/6/13), 136 So.3d 854, 860, writ denied, 2014-0854 (La. 6/20/14), 141 So.3d 810.

The party raising the objection of res judicata bears the burden of proving the essential facts to support the objection. **State ex rel. Guilbeau v. BEPCO, L.P.**, 2020-0429 (La. App. 1st Cir. 9/20/21), 341 So.3d 1, 8, writ denied, 2022-00882 (La. 4/4/23), 358 So.3d 854. The doctrine of res judicata is not discretionary and mandates that final judgments be given effect. **Id.** If any doubt exists as to its application, the objection of res judicata must be overruled and the second lawsuit maintained. **Wicker v. Louisiana Farm Bureau Casualty**

**Insurance Company**, 2018-0225 (La. App. 1st Cir. 9/21/18), 257 So.3d 817, 821. The concept should be rejected when doubt exists as to whether a plaintiff's substantive rights actually have been previously addressed and finally resolved. **Id.** at 822. The res judicata effect of a prior judgment is a question of law that is reviewed de novo. **Pierrotti v. Johnson**, 2011-1317 (La. App. 1st Cir. 3/19/12), 91 So.3d 1056, 1063.

In the instant case, there is no dispute over the existence of a previous valid and final judgment. There is neither a dispute that the causes of action alleged in the **LaBarre** litigation existed at the time the **Florida Gas** cases were decided. The controversies before us are whether the parties in the **Florida Gas** cases and the instant action are the same and whether the causes of action asserted in the instant action arise out of the same transaction or occurrence that was the subject matter of the first action.

An identity of parties exists whenever the same parties, their successors, or others appear so long as they share the same quality as parties. **Guilbeau**, 241 So.3d at 9. A person has the same quality when he or she appears in the same capacity in both suits, or when he or she is in privy to a party in the prior suit. **Burguieres**, 843 So.2d at 1054. Identity of parties depends on the circumstances of each case. **Mandalay Oil & Gas, LLC v. Energy Development Corp.**, 2001-0993 (La. App. 1st Cir. 8/4/04), 880 So.2d 129, 140 n.9, writ denied, 2004-2426 (La. 1/28/05), 893 So.2d 72.

Although we acknowledge that Texas Brine, AIG, and Zurich are parties in both **Florida Gas** and **LaBarre**, and that Texas Brine set forth nearly identical demands for defense and indemnity against AIG and Zurich in both **Florida Gas** and **LaBarre**, the most important party and interests in the **Florida Gas** cases is missing in this suit, namely, Florida Gas. As noted above, in the two **Florida Gas** cases which dismissed Texas Brine's incidental demands against AIG and Zurich,

8

Texas Brine's claims for indemnity and defense depended on the allegations made by the plaintiff against Texas Brine. Those cases turned on the fact that Florida Gas did not allege any causes of action for property damage prior to the sinkhole, thus, AIG and Zurich's pre-2012 insurance policies could not be triggered, and therefore, AIG and Zurich could not be called upon to defend or indemnify Texas Brine in the **Florida Gas** litigation.

In the instant action, the LaBarre plaintiffs asserted causes of action for property damage predating and postdating the sinkhole. The causes of action for property damage that predate the sinkhole may affect what duties AIG and Zurich owe to Texas Brine under the pre-2012 policies. However, this court makes it expressly clear that no merits analysis is being made regarding those duties in this opinion.

The plaintiffs in these two suits are different. Some of the alleged causes of action for damages are also different. Therefore, we find that the parties are not appearing in the same capacities in the instant action as they did in **Florida Gas**, and the causes of action asserted in the **Florida Gas** cases are of a different subject matter. Therefore, we find that the trial court erred in sustaining AIG and Zurich's exceptions raising the objection of res judicata in the **LaBarre** litigation.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's judgment sustaining the exception of res judicata regarding National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Specialty Insurance Company, and Zurich American Insurance Company, Steadfast Insurance Company and American Guarantee & Liability Insurance Company, LLC's duty to defend and indemnify Texas Brine Company, LLC in the arbitration proceeding attributable to the **LaBarre** litigation. Costs of this appeal are to be assessed to the defendants.

**REVERSED.**[5]

---

[5] On August 17, 2023, Texas Brine filed a motion to enroll Martha Y. Curtis as additional counsel in this matter, which was granted. The motion to withdraw Christopher T. Chocheles, Rebekka C. Veith, David M. Peterson, and Robert Ryland Percy, III as Texas Brine's counsel of record is also granted.